# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| HARMANJOT SINGH | CIVIL ACTION NO. 26-0340 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GEO GROUP INC., ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Petitioner Harmanjot Singh's ("Petitioner") Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2). Petitioner seeks an order prohibiting Respondents from removing him from the United States and transferring him outside the jurisdiction of this Court. See id. He further seeks injunctive relief to ensure he receives a bond hearing under 8 U.S.C. § 1226(a). See id.

Petitioner entered the United States without inspection and was detained by Immigration and Customs Enforcement ("ICE") in December 2025 during a routine check-in. See Record Document 8 at 6. He was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). See id. at 9. On January 6, 2026, an Immigration Judge ruled that he lacked jurisdiction to consider bond under the new interpretation of § 1225. See id. Petitioner now challenges that determination and contends that his detention is governed by 8 U.S.C. § 1226(a), which would entitle him to a bond hearing.

An applicant for a Temporary Restraining Order must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine

Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

**I. Request for Stay of Removal**

To the extent Petitioner seeks to enjoin his removal from the United States, this Court lacks jurisdiction.

Even if framed as preserving the status quo, a request for a stay of removal is, in substance, a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Thus, this Court is without

jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

## II. Request for Bond Hearing

Petitioner also seeks injunctive relief compelling a bond hearing under § 1226(a). This request overlaps with the merits of the pending Habeas Petition. The central question—whether Petitioner's detention is governed by § 1225(b) or § 1226(a)—is the precise legal dispute presented in the habeas action. A TRO is not a substitute for adjudication of the merits. Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

Moreover, Petitioner has not demonstrated a substantial likelihood of success on the merits in light of the Fifth Circuit's recent holding in Buenrostro-Mendez v. Bondi, No. 25-20496 Consolidated with 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  In Buenrostro-Mendez, the Fifth Circuit addressed a statutory interpretation issue presented by a class of noncitizens.  2026 WL 323330, *1.  The noncitizens conceded they were applicants for admission, that is, aliens present within the United States who have not been admitted by lawful means.  See id., citing 8 USC §§ 1225(a)(1), 1101(a)(13)(A). Thus, the government maintained that petitioners were subject to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A).  See id.  Conversely, petitioners argued "that, despite falling squarely within § 1225, they are nonetheless

3

eligible for discretionary release on bond during removal proceedings" pursuant to 8 U.S.C. § 1226(a)(2).  <u>See id.</u>  The Fifth Circuit held that the government's position was correct and reversed the district courts' orders to provide petitioners with bond hearings or release them.  <u>See id.</u>  In light of this recent decision, this Court cannot find that Petitioner is likely to succeed on the merits of his Habeas Petition.

### III. Transfer Request

As for Petitioner's request that Respondents be enjoined from transferring him outside this jurisdiction, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." <u>Lotter v. Lyons</u>, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) is hereby **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of February, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

4